UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, Acting By and Through Its Board of Port Commissioners,<br><br>　　　　Plaintiff-Counterclaim Defendant,<br><br>　　v.<br><br>SSA TERMINALS, LLC, et al.,<br><br>　　　　Defendants-Counterclaimants. | Case No.: 11-01446-YGR<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 17, 2012 AT 2:00 P.M.

　　Pending before the Court is Plaintiff-Counterclaim Defendant City of Oakland's ("Port") Motion for Summary Judgment of the Counterclaim. The Court has reviewed the parties' papers and does not wish to hear the parties simply re-argue the matters addressed in those pleadings, but will hear *limited argument* on matters addressed therein. In addition, the parties are directed to address the following questions:

　　As to the issue of whether Defendants-Counterclaimants SSA Terminals, LLC and SSA Terminals (Oakland), LLC (collectively, "SSA") were excused from the filing requirements of the Government Claims Act:

　　　　1. Does the Port agree that the basic purposes behind the Government Claims Act's filing requirement were satisfied by SSA's conduct beginning as early as July 2009?

2. Given that the counterclaim alleges that SSA has "suffered and continues to suffer substantial damages in an amount to be determined at trial," does SSA concede that the counterclaim seeks affirmative relief? Is there any authority that the counterclaim is "purely defensive" to the Port's declaratory relief action?

3. Does SSA have any authority that the exception to the Government Claims Act claim requirement described in *People ex rel. Dept. of Parks and Recreation v. West-A-Rama, Inc.* and *Krainock v. Superior Court* should be expanded to a tort counterclaim, where the initial complaint filed by the city sought declaratory relief and no monetary damages?

As to the issue of the accrual of actual injury:

1. Do the parties have any authority involving *similar* factual circumstances where actual injury based on a contract (or a tort based on a contract) was found to have accrued at any time other than the execution of the contract or the effective date of the contract?

2. Does SSA contend that actual injury could only result from actual competition between POA and SSA? If so, what is SSA's legal authority that a competitive relationship is required for there to be actual injury?

3. Given that SSA knew of the favorable rental rates that were to be given to POA as early as March 2009 and no later than July 2009, how was injury resulting from the Concession and Lease Agreement ("POA Lease") not perceptible to SSA at those times? Could SSA have alleged a claim against the Port during this time even though the amount of damages may not be fixed?

4. Based on the July 8, 2009 letter, SSA stated it was foreseeable to the Port that SSA would continue to lose substantial volume to POA. Why does injury not accrue from here?

5. Does SSA have any authority for the distinction it makes between the damages based on International Transportation Services, Inc.'s ("ITS") lease and the POA Lease, where the damage based on both leases consisted of lost business or income and differing rental rates?

If the parties intend to rely on authorities not cited in their briefs to answer the Court's questions, they are **ORDERED** to notify the Court and opposing counsel of these authorities by Tuesday, April 17, 2012 at 9:00 a.m. and to make copies available at the hearing. If the parties submit such additional authorities, they are **ORDERED** to submit in the notice the citations to the authorities, with reference to pin cites and without argument or additional briefing, and to attach the authorities thereto. *Cf.* Civil L. R. 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The parties are advised to limit their additional authorities (and volume thereof) to that which is *truly pertinent* to and *directly addresses* the Court's questions.

The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

**IT IS SO ORDERED.**

Dated: April 13, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**