MICHELE HEFFES #160733
ACTING PORT ATTORNEY
DONNELL CHOY #85458
DEPUTY PORT ATTORNEY
PORT OF OAKLAND
530 Water Street, 4th Floor
Oakland, California 94607
Telephone: (510) 627-1346

RICHARD T. WHITE #58622
J. BRITTAIN HABEGGER #57192
FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor
Oakland, California 94612
Telephone: (510) 451-3300
Facsimile: (510) 451-1527
Email: rwhite@fablaw.com; bhabegger@fablaw.com

Attorneys for Plaintiff City of Oakland,
A Municipal Corporation, Acting By and
Through Its Board of Port Commissioners

RECEIVED
JUN - 7 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, Acting By and Through Its Board of Port Commissioners<br><br>Plaintiff,<br><br>vs.<br><br>SSA TERMINALS, LLC, SSA TERMINALS (OAKLAND), LLC and DOES 1 through 50, inclusive,<br><br>Defendant.<br>SSA TERMINALS, LLC; SSA TERMINALS (OAKLAND), LLC,<br><br>Counterclaimants,<br><br>vs.<br><br>CITY OF OAKLAND and Does 1 through 10,<br><br>Counter-Defendants. | Case No.: C11-01446 YGR<br><br>**JOINT PROTECTIVE ORDER** |

1.
JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

Plaintiff City of Oakland, a Municipal Corporation, Acting By and Through its Board of Port Commissioners (the "Port") filed against Defendants SSA Terminals, LLC and SSA Terminals (Oakland), LLC ("SSAT") seeking declaratory relief. SSAT filed its counterclaim seeking damages. The parties recognize that this case may involve the exchange and production of highly sensitive, proprietary business information belonging to themselves and the Port's other tenants. The Parties therefore propose the following Joint Protective Order to apply to this matter going forward.

## JOINT PROTECTIVE ORDER

1. This Order shall apply to all documents, information and other products of discovery (including testimony, exhibits and transcripts of testimony taken at deposition) obtained by any party to this proceeding pursuant to discovery requests, whether directed to another party or to a person or entity not a party to this proceeding.

2. Either party, in producing or filing a document or other materials in this proceeding, may obtain confidential treatment for the information contained therein pursuant to this Order by typing, stamping or electronically affixing on the front of that document, or on the portion(s) of the document for which confidential treatment is desired, one of the terms "ATTORNEYS EYES ONLY"; "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY"; "HIGHLY CONFID/ATTYS EYES ONLY" or the term "HIGHLY CONFIDENTIAL."

3. The "HIGHLY CONFIDENTIAL" designation shall be used only to identify financial, business, or commercial information that is not publicly available.

4. The "ATTORNEYS EYES ONLY," "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY," or "HIGHLY CONFID/ATTYS EYES ONLY" designations shall be used only to identify financial, business, or commercial information that is not publicly available and which is highly sensitive and could cause competitive harm to the disclosing party or to a third party if disclosed to employees of the receiving party. Likewise, the term "ATTORNEYS EYES ONLY" shall include documents and information designated with the terms "HIGHLY CONFIDENTIAL/ATTORNEYS EYES

ONLY"; or "HIGHLY CONFID/ATTYS EYES ONLY." Documents so designated shall be treated in the same manner, as set forth herein, as documents and information designated as "ATTORNEYS EYES ONLY."

5. Any document filed under seal prior to the entry of this Order shall, from and after the effective date of this Order, be treated as "HIGHLY CONFIDENTIAL."

6. When used in this Order, the word "document" means all written, recorded, electronic or graphic matter whatsoever and copies thereof (whether identical or not), including, but not limited to, pleadings, motions, briefs, responses to discovery (including produced documents), transcripts of testimony, all records or information compilations made or maintained by electronic, photographic or mechanical means.

7. Any entity or person giving testimony (by deposition or otherwise) in this proceeding, whether through its officers, employees, directors or otherwise, may obtain confidential treatment therefor pursuant to this Order by the deponent or counsel advising the reporter during the course of that testimony as to those portions of the testimony for which confidential treatment is desired. The reporter shall separately transcribe and bind those portions of the testimony so designated as confidential and shall mark the face of the separately bound transcript of such confidential testimony with the words "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL."

8. Whenever any documents or transcripts afforded confidential treatment pursuant to this Order are introduced as exhibits, or otherwise utilized, in connection with deposition testimony given in this action, counsel introducing such exhibits, or using such information in the examination of a witness, shall advise the reporter that the portions of the testimony which refer thereto and the exhibits themselves shall be afforded confidential treatment pursuant to this Order. The reporter shall separately transcribe those portions of the testimony so designated, bind therewith the confidential exhibits to which the testimony refers, and mark the face of the separately bound transcript with the words "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL."

9. To the extent that any motions, briefs, pleadings or other papers to be filed with the Court in connection with this proceeding incorporate documents, transcripts or information subject to this Order, the party seeking to file such papers shall designate such materials or portions thereof as "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" and shall seek an order pursuant to N.D. Cal. Civil L.R. 79-5, allowing the party to file the same under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of any public record of this proceeding .

10. Any document or transcript designated as "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" shall be held by either party's outside counsel under the terms of this Order and may not be provided to the assigned Judge or to the Court, in the absence of an order filing the document under seal, until the time of any motion, testimony, hearing or trial of this action. Counsel shall take appropriate steps to ensure that all documents or information in their possession marked as "ATTORNEYS EYES ONLY" and "HIGHLY CONFIDENTIAL", and all references thereto, do not lose any confidentiality.

11. If a party or person inadvertently fails to designate discovery or other material as "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" in a timely fashion as provided herein, it may make such a designation subsequently by notifying the parties in writing. After receipt of such designation, such documents, materials and information shall be treated as if they had been designated in a timely fashion.

12. All documents or other materials designated as "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" under this Order and provided by one party to the other party or other person in accordance with this Order shall remain in the sole control and custody of the receiving party's counsel, except with the prior written consent of the producing party, or the prior Order of the Court and except as provided below in paragraphs 13 and 14.

13. Any information contained in, or derived from, any document or transcript marked or designated "ATTORNEYS EYES ONLY" may not be disclosed to any person,

except that information and documents marked "ATTORNEYS EYES ONLY" may be disclosed to the following persons:

  (a) The Judge assigned to this proceeding, or if appropriate, the Court or any court with appellate jurisdiction over this proceeding.

  (b) Only the following persons and firms:

    1. Counsel of record for each party to this proceeding, the law firm of Fitzgerald Abbott & Beardsley LLP, Michele Heffes, Esquire, Acting Port Attorney and if applicable, her successor as Port Attorney, and Donnell Choy, Esquire, Deputy Port Attorney, in-house counsel for the Port of Oakland, but no others at the Port of Oakland or other in-house counsel, and the law firm of Russell, Mirkovich & Morrow for Defendants, and including partners, associates, clerks, paralegals, secretaries or other employees of the firms assisting such counsel in this proceeding.

    2. Outside counsel of record in the related case before the Federal Maritime Commission ("FMC"), Saul Ewing LLP for Plaintiff and Cozen O'Connor for Defendants and including partners, associates, clerks, paralegals, secretaries or other employees of the firms assisting such counsel in this proceeding.

  (c) Except as provided in 13(b), this list of permitted disclosure for "ATTORNEY'S EYES ONLY," "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY," or "HIGHLY CONFID/ATTYS EYES ONLY" does not include in-house counsel for a party or any party's outside counsel.

  (d) Accountants, economists, analysts or other independent experts retained by either party to this proceeding as advisors, consultants or expert witnesses ("collectively "Independent Experts") who are preparing an expert report, preparing for or assisting in preparation for a deposition or other discovery, testimony, motion, hearing, trial or appeal or other proceeding in this matter or the case before the FMC; provided, however that any such

1 expert must have been retained by the party for purposes of assisting with this litigation or the
2 case before the FMC in consultation with the attorneys identified in paragraph 13(b) above, and
3 each expert must confirm that he (i) does not advise the party he is assisting on submitting bids
4 to carrier customers or in negotiating lease terms at other ports, and (ii) is not presently doing
5 any other unrelated work for the party he is assisting, in the Port of Oakland. No such
6 designated document or any duplication, summary, or excerpt of a document that has been
7 designated as "ATTORNEYS EYES ONLY" under this Order shall be given to an Independent
8 Expert except upon execution of an agreement to be bound by this Protective Order and not to
9 disclose the document(s) further in the form appended as Exhibit A. Counsel obtaining all such
10 signed agreements shall be obligated to hold and maintain them. This Paragraph shall not
11 constitute an obligation to disclose expert information beyond the obligations imposed by the
12 rules applicable to this proceeding.

13   (e) Any person who authored and/or was an identified original recipient of
14 the particular "ATTORNEYS EYES ONLY" material sought to be disclosed to that person.

15   (f) Any deponent (during the course of a deposition or other testimony in the
16 litigation but not to prepare the witness's testimony) when the examining attorney has a good
17 faith basis to believe the deponent is aware of the particular material sought to be disclosed.

18   (g) The Court Reporter employed to record depositions.

19   (h) During the course of depositions or other testimony in the litigation, and
20 upon mutual agreement of the parties, a party representative may remain present during the
21 testimony of "ATTORNEYS EYES ONLY" material, but may not be shown such material, may
22 not take notes concerning such material, and may not thereafter discuss such material.

23   14. Any information contained in, or derived from, any document or transcript
24 marked or designated "HIGHLY CONFIDENTIAL" may not be disclosed to any person, except
25 that information and documents marked "HIGHLY CONFIDENTIAL" may be disclosed to the
26 following persons:

27
28

(a) The Judge assigned to this proceeding, or if appropriate, this Court or any appropriate appellate court;

(b) Counsel of record for either party to this proceeding including associates, clerks, paralegals, secretaries or other employees of such counsel assisting in this proceeding;

(c) Outside counsel of record in the related case before the Federal Maritime Commission, Saul Ewing LLP for Plaintiff and Cozen O'Connor for Defendants and including partners, associates, clerks, paralegals, secretaries or other employees of the firms assisting such counsel in this proceeding.

(d) Independent Experts who are preparing an expert report, preparing for or assisting in preparation for a deposition or other discovery, testimony, motion, hearing, trial or appeal or other proceeding in this matter; however no such designated document or any duplication, summary, or excerpt of a document that has been designated as "HIGHLY CONFIDENTIAL" under this Order shall be given to an Independent Expert except upon execution of the agreement referred to in paragraph 13(d);

(e) Either party's in-house counsel, and

(f) The following persons designated by counsel: in the case of SSAT, Ed DeNike, Jon Hemingway, Jon Rosselle, Charles Sadoski, Bill Hirai, Mark Knudsen, Sandi Lira, and Kevin Mehlberg, and in the case of the Port, Jean Banker, James Kwon, Cornel Hammons, Chris Peterson, Mark Erickson, Omar Benjamin, Lawrence Dunnigan, and Sara Lee.

15. Counsel obtaining all such signed agreements pursuant to paragraphs 13(d) and 14(c) shall be obligated to hold and maintain them. Paragraphs 13(c) and 14(c) shall not constitute an obligation to disclose expert information beyond the obligations imposed by the rules applicable to this proceeding.

16. The Parties may add to the persons designated in paragraphs 13(b) and 14 by mutual agreement, or, failing agreement, by filing a motion with the Court to allow such addition. Each Party must have good cause to object to the addition of additional persons who may have access to "HIGHLY CONFIDENTIAL" information. Notwithstanding the

7.
JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

foregoing, each party will endeavor to keep the persons entitled to review "HIGHLY CONFIDENTIAL" information to a minimum.

17. ALL PERSONS TO WHOM "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" information and / or documents are disclosed will not use same for any business, commercial or competitive purposes or for any purpose whatsoever other than the preparation for and conducting of any deposition or other discovery, testimony, motion, hearing, trial or appeal or other proceeding in this action or in the FMC action in accordance with the provisions of this Order. No person receiving or reviewing such confidential documents, information or transcript shall disclose it or its contents to any person other than those described in paragraphs 13 and 14 and for the purposes specified, and in no event shall such person make any other use of such document or transcript to defeat this Confidentiality Order.

18. Storage, transmission or communication of "ATTORNEYS EYES ONLY" information and "HIGHLY CONFIDENTIAL" information must be such as to reasonably ensure that the "ATTORNEYS EYES ONLY" information and "HIGHLY CONFIDENTIAL" information will not be disclosed, accidentally or otherwise, to non authorized persons.

19. Any person to whom disclosure is made pursuant to Paragraph 13 or 14 of this Order, including the paralegal, secretarial or other personnel of a party's counsel regularly employed thereby and assisting in the preparation for hearing or trial of this action, shall be advised concerning the terms of this Order and shall be given a copy of this Order.

20. If any party to this proceeding objects to the designation of documents, transcripts or other information as "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" pursuant to this Order, it may apply to the Court by motion for a ruling that the document, transcript or other materials shall not be so treated. Until the Court enters an order, if any, changing the designation of the document or transcript, it shall be afforded the confidential treatment provided for in this Order.

21. Within sixty (60) days after the final termination of this litigation or the FMC case, whichever is later, (including any appellate review), all documents, transcripts or other

materials in the receiving party's possession that have been afforded "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" treatment pursuant to this Order, including any duplicates, extracts, summaries or compilations taken therefrom, shall be destroyed; provided, however that copies of confidential materials that have been produced in pleadings or exhibits may be retained subject to the continued applicability of this Order, and provided further, that in the case of electronically stored documents which contain "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" information that cannot be deleted due to a party's documentation retention policy ("Policy"), such materials shall not be further accessed by the receiving party without the prior written consent of the producing party and will be destroyed by the receiving party when permitted by the Policy. The provisions of this Order that restrict the handling, communication and use of "ATTORNEYS EYES ONLY" information and "HIGHLY CONFIDENTIAL" information shall continue to be binding after the termination of this proceeding and the FMC proceeding, including any related court litigation or judicial appeals, unless the producing party/person authorizes in writing alternative handling, communication or use of the information.

22. This Order is without prejudice to a Confidentiality Agreement Pursuant to the Federal Rules of Evidence and the California Evidence Code entered into on July 29, 2009 by the parties to this litigation (the "FMC Confidentiality Agreement") in a related proceeding which is pending before the Federal Maritime Commission. That FMC Confidentiality Agreement is and shall remain in force throughout the duration of these proceedings, except that the parties agree that the persons identified herein in paragraph 13(b) identifying ATTORNEYS EYES ONLY recipients and paragraph 14 concerning HIGHLY CONFIDENTIAL recipients shall be authorized recipients of the same information in the same categories as set forth in the July 29, 2009 FMC Confidentiality Agreement and the Amended FMC Joint Protective Order served on December 20, 2010, unless either party seeks a further modification of that FMC Confidentiality Agreement or the Amended FMC Joint Protective Order.

23. Either party may undertake to obtain further agreements, orders or procedures as

9.
JOINT PROTECTIVE ORDER

1  are necessary to preserve the confidentiality asserted for trial or any public hearing or
2  proceeding in this matter.

3      24.    Nothing contained herein shall affect or restrict the rights of any party with
4  respect to its own documents or to information obtained or developed independently of
5  documents and transcripts afforded confidential treatment pursuant to this Order.

6      25.    If "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" information
7  in the possession of any party is subpoenaed by any court, administrative or legislative body, or
8  any other person purporting to have authority to subpoena such information, the party to whom
9  the subpoena is directed will not produce such information without first giving written notice
10 (including the delivery of a copy thereof) to the producing party/person or the attorneys for the
11 producing party/person, within 24 hours after receipt of the subpoena. If a subpoena purports to
12 require production of such "ATTORNEYS EYES ONLY" information or "HIGHLY
13 CONFIDENTIAL" information on less than four (4) business days' notice, the party to whom
14 the subpoena is directed shall also give immediate notice by telephone of the receipt of such
15 subpoena. To the extent permitted by applicable law, the Port will endeavor in good faith to
16 prevent or limit the disclosure, to third parties, of "ATTORNEYS EYES ONLY" and
17 "HIGHLY CONFIDENTIAL" information submitted by SSAT, being compelled, by seeking a
18 protective order or other appropriate remedy. In the event that the Port is unable to prevent
19 disclosure from being compelled, the Port shall furnish only that portion of the "ATTORNEYS
20 EYES ONLY" OR "HIGHLY CONFIDENTIAL" information that is required to be disclosed
21 and shall exercise best efforts to obtain reasonable assurances that confidential treatment will be
22 accorded to the information disclosed.

23     26.    (a)    All documents marked "ATTORNEYS EYES ONLY" or "HIGHLY
24 CONFIDENTIAL" by SSAT are considered by SSAT to contain trade secrets of SSAT and/or
25 of its related entities and are being provided to the Port upon the condition that it accept that
26 characterization, unless otherwise determined by a court with competent jurisdiction, and that
27 these documents shall not be subject to disclosure following a request under the California

Public Records Act, California Government Code Sec. 6250 et seq. and/or Article 2.20.180 et seq. of the City of Oakland Code of Ordinances and any successor acts or ordinances thereto except as provided below.

   (b) If the Port receives a Public Records Act request calling for disclosure of documents designated "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" by SSAT, the Port will: (1) advise SSAT of the records request, and (2) advise the party making the Public Records Act request ("Requesting Party") that the documents have been designated as trade secrets by the party providing them to the Port and will not be released to the Requesting Party because of that designation. The Port will also inform the Requesting Party that if it disputes that designation, it has the option of challenging that designation in a court of law.

   (c) If the Requesting Party files a court action to compel disclosure, the Port will promptly notify SSAT of that filing. Thereafter, SSAT shall have ten (10) business days, after the Port's delivery of written notification, to inform the Port, in writing, that it will defend any litigation regarding whether the records at issue qualify as confidential or trade secrets. If SSAT fails to provide such notification within the prescribed time, or fails to defend the litigation (and provide adequate and ongoing assurances to the Port of such defense), the Port may independently determine, in its sole discretion, whether any document (or portion thereof) is subject to disclosure. If the Port determines that such records are not confidential or trade secrets, the Port may disclose such records to the Requesting Party without liability to SSAT. In addition, SSAT will indemnify, defend and hold harmless the Port from any claim based on the Port's reliance on SSAT's designation of the documents as trade secrets.

  27. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by order of this Court.

///

///

///

6/6/12 (27492) #465929.1

1  28. This Order shall be effective on the date served.

Dated: June 7, 2012

FITZGERALD ABBOTT & BEARDSLEY LLP

By _____
Richard T. White
Attorneys for Port of Oakland

Dated: June 7, 2012

RUSSELL, MIRKOVICH & MORROW

By _____
Joseph N. Mirkovich
Attorneys for Defendants and Counterclaimants
SSA Terminals, LLC and SSA Terminals
(Oakland), LLC

IT IS SO ORDERED

Dated: June 18, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

12.
JOINT PROTECTIVE ORDER

6/7/12 (27492) #465929.1

# PROOF OF SERVICE - F.R.C.P. §5

I, the undersigned, declare: I am employed in the County of Alameda, State of California. I am over the age of 18 and not a party to the within action. I am employed by Fitzgerald Abbot & Beardsley LLP, located at 1221 Broadway, 21st Floor, Oakland, CA 94612.

On June 7, 2012, I served a true and correct copy of the following document(s):

**JOINT PROTECTIVE ORDER**

on the following interested parties, by causing service by the method indicated below:

| | |
|---|---|
| Joseph N. Mirkovich, Esq.<br>Russell, Mirkovich & Morrow<br>One World Trade Center, Suite 1280<br>Long Beach, CA 90831-1280<br>Telephone: (562) 436-9911<br>Facsimile: (562) 436-1287<br>E-Mail: JMirkovich@rumlaw.com<br>***Attorneys for SSA Terminals, LLC and SSA Terminals (Oakland), LLC*** | |

| | |
|---|---|
| **X** | U.S. Mail - By placing a copy of said document(s) in a sealed envelope addressed as stated above, with postage thereon fully prepaid, and depositing said envelope today with the U.S. Postal Service, following this firm's business practices. |
| | Overnight Delivery - By placing a copy of said document(s) in a sealed pre-paid overnight envelope or package and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this firm's business practices. |
| | Personal Service - By providing a service copy to Rapid Legal whose employee will personally deliver said documents(s) in an envelope or package clearly labeled to identify the attorney/party located at the office(s) of the addressee(s) stated above. |
| | Facsimile - By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon, in writing, by the parties. |
| | Email - By placing a true copy thereof into .pdf format and forwarding via email. |

I declare under the penalty of perjury under laws of the State of California that the foregoing is true and correct. Executed on June 7, 2012 at Oakland, California.

_____
Craig A. Schillig

13.
JOINT PROTECTIVE ORDER

6/7/12 (27492) #465929.1