1 | MICHELE HEFFES #160733
ACTING PORT ATTORNEY
2 | DONNELL CHOY #85458
DEPUTY PORT ATTORNEY
3 | PORT OF OAKLAND
530 Water Street, 4th Floor
4 | Oakland, California  94607
Telephone:  (510) 627-1346   RECEIVED
5 |
JUN – 7 2012
6 | RICHARD T. WHITE #58622   RICHARD W. WIEKING
J. BRITTAIN HABEGGER #571924, U.S. DISTRICT COURT OF CALIFORNIA
7 | FITZGERALD ABBOTT & BEARDSLEY LLP
1221 Broadway, 21st Floor   NORTHERN
8 | Oakland, California  94612
Telephone: (510) 451-3300
9 | Facsimile: (510) 451-1527
Email: rwhite@fablaw.com; bhabegger@fablaw.com
10 |
Attorneys for Plaintiff City of Oakland,
11 | A Municipal Corporation, Acting By and
Through Its Board of Port Commissioners
12 |

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 | CITY OF OAKLAND, a Municipal | Case No.: C11-01446 YGR
Corporation, Acting By and Through Its
16 | Board of Port Commissioners | **JOINT PROTECTIVE ORDER**

17 | Plaintiff,

18 | vs.

19 | SSA TERMINALS, LLC, SSA TERMINALS
(OAKLAND), LLC and DOES 1 through 50,
20 | inclusive,

21 | _____Defendant._____
SSA TERMINALS, LLC; SSA TERMINALS
22 | (OAKLAND), LLC,

23 | Counterclaimants,

24 | vs.

25 | CITY OF OAKLAND and Does 1 through 10,

26 | _____Counter-Defendants._____

27 |

28 |

1.
JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1    Plaintiff City of Oakland, a Municipal Corporation, Acting By and Through its Board of
2  Port Commissioners (the "Port") filed against Defendants SSA Terminals, LLC and SSA
3  Terminals (Oakland), LLC ("SSAT") seeking declaratory relief.  SSAT filed its counterclaim
4  seeking damages.  The parties recognize that this case may involve the exchange and production
5  of highly sensitive, proprietary business information belonging to themselves and the Port's
6  other tenants.  The Parties therefore propose the following Joint Protective Order to apply to this
7  matter going forward.

8                                        **JOINT PROTECTIVE ORDER**

9        1.      This Order shall apply to all documents, information and other products of
10  discovery (including testimony, exhibits and transcripts of testimony taken at deposition)
11  obtained by any party to this proceeding pursuant to discovery requests, whether directed to
12  another party or to a person or entity not a party to this proceeding.

13       2.      Either party, in producing or filing a document or other materials in this
14  proceeding, may obtain confidential treatment for the information contained therein pursuant to
15  this Order by typing, stamping or electronically affixing on the front of that document, or on the
16  portion(s) of the document for which confidential treatment is desired, one of the terms
17  "ATTORNEYS EYES ONLY"; "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY";
18  "HIGHLY CONFID/ATTYS EYES ONLY" or the term "HIGHLY CONFIDENTIAL."

19       3.      The "HIGHLY CONFIDENTIAL" designation shall be used only to identify
20  financial, business, or commercial information that is not publicly available.

21       4.      The "ATTORNEYS EYES ONLY," "HIGHLY
22  CONFIDENTIAL/ATTORNEYS EYES ONLY," or "HIGHLY CONFID/ATTYS EYES
23  ONLY" designations shall be used only to identify financial, business, or commercial
24  information that is not publicly available and which is highly sensitive and could cause
25  competitive harm to the disclosing party or to a third party if disclosed to employees of the
26  receiving party.  Likewise, the term "ATTORNEYS EYES ONLY" shall include documents and
27  information designated with the terms "HIGHLY CONFIDENTIAL/ATTORNEYS EYES

28                                               2.
                                    JOINT PROTECTIVE ORDER

1   ONLY"; or "HIGHLY CONFID/ATTYS EYES ONLY." Documents so designated shall be
2   treated in the same manner, as set forth herein, as documents and information designated as
3   "ATTORNEYS EYES ONLY."

4       5.      Any document filed under seal prior to the entry of this Order shall, from and
5   after the effective date of this Order, be treated as "HIGHLY CONFIDENTIAL."

6       6.      When used in this Order, the word "document" means all written, recorded,
7   electronic or graphic matter whatsoever and copies thereof (whether identical or not), including,
8   but not limited to, pleadings, motions, briefs, responses to discovery (including produced
9   documents), transcripts of testimony, all records or information compilations made or
10  maintained by electronic, photographic or mechanical means.

11      7.      Any entity or person giving testimony (by deposition or otherwise) in this
12  proceeding, whether through its officers, employees, directors or otherwise, may obtain
13  confidential treatment therefor pursuant to this Order by the deponent or counsel advising the
14  reporter during the course of that testimony as to those portions of the testimony for which
15  confidential treatment is desired.  The reporter shall separately transcribe and bind those
16  portions of the testimony so designated as confidential and shall mark the face of the separately
17  bound transcript of such confidential testimony with the words "ATTORNEYS EYES ONLY"
18  or "HIGHLY CONFIDENTIAL."

19      8.      Whenever any documents or transcripts afforded confidential treatment pursuant
20  to this Order are introduced as exhibits, or otherwise utilized, in connection with deposition
21  testimony given in this action, counsel introducing such exhibits, or using such information in
22  the examination of a witness, shall advise the reporter that the portions of the testimony which
23  refer thereto and the exhibits themselves shall be afforded confidential treatment pursuant to this
24  Order.  The reporter shall separately transcribe those portions of the testimony so designated,
25  bind therewith the confidential exhibits to which the testimony refers, and mark the face of the
26  separately bound transcript with the words "ATTORNEYS EYES ONLY" or "HIGHLY
27  CONFIDENTIAL."

28

3.
JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1    9.    To the extent that any motions, briefs, pleadings or other papers to be filed with
2    the Court in connection with this proceeding incorporate documents, transcripts or information
3    subject to this Order, the party seeking to file such papers shall designate such materials or
4    portions thereof as "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" and shall
5    seek an order pursuant to N.D. Cal. Civil L.R. 79-5, allowing the party to file the same under
6    seal; provided, however, that a copy of such filing having the confidential information deleted
7    therefrom may be made part of any public record of this proceeding .

8    10.    Any document or transcript designated as "ATTORNEYS EYES ONLY" or
9    "HIGHLY CONFIDENTIAL" shall be held by either party's outside counsel under the terms of
10   this Order and may not be provided to the assigned Judge or to the Court, in the absence of an
11   order filing the document under seal, until the time of any motion, testimony, hearing or trial of
12   this action. Counsel shall take appropriate steps to ensure that all documents or information in
13   their possession marked as "ATTORNEYS EYES ONLY" and "HIGHLY CONFIDENTIAL",
14   and all references thereto, do not lose any confidentiality.

15   11.    If a party or person inadvertently fails to designate discovery or other material as
16   "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" in a timely fashion as
17   provided herein, it may make such a designation subsequently by notifying the parties in
18   writing. After receipt of such designation, such documents, materials and information shall be
19   treated as if they had been designated in a timely fashion.

20   12.    All documents or other materials designated as "ATTORNEYS EYES ONLY"
21   or "HIGHLY CONFIDENTIAL" under this Order and provided by one party to the other party
22   or other person in accordance with this Order shall remain in the sole control and custody of the
23   receiving party's counsel, except with the prior written consent of the producing party, or the
24   prior Order of the Court and except as provided below in paragraphs 13 and 14.

25   13.    Any information contained in, or derived from, any document or transcript
26   marked or designated "ATTORNEYS EYES ONLY" may not be disclosed to any person,

27

28
                                  4.
                        JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1  except that information and documents marked "ATTORNEYS EYES ONLY" may be

2  disclosed to the following persons:

3          (a)     The Judge assigned to this proceeding, or if appropriate, the Court or any

4  court with appellate jurisdiction over this proceeding.

5          (b)     Only the following persons and firms:

6          1.      Counsel of record for each party to this proceeding, the law firm of

7  Fitzgerald Abbott & Beardsley LLP, Michele Heffes, Esquire, Acting Port

8  Attorney and if applicable, her successor as Port Attorney, and Donnell Choy,

9  Esquire, Deputy Port Attorney, in-house counsel for the Port of Oakland, but no

10 others at the Port of Oakland or other in-house counsel, and the law firm of

11 Russell, Mirkovich & Morrow for Defendants, and including partners, associates,

12 clerks, paralegals, secretaries or other employees of the firms assisting such

13 counsel in this proceeding.

14         2.      Outside counsel of record in the related case before the Federal

15 Maritime Commission ("FMC"), Saul Ewing LLP for Plaintiff and Cozen

16 O'Connor for Defendants and including partners, associates, clerks, paralegals,

17 secretaries or other employees of the firms assisting such counsel in this

18 proceeding.

19         (c)     Except as provided in 13(b), this list of permitted disclosure for

20 "ATTORNEY'S EYES ONLY," "HIGHLY CONFIDENTIAL/ATTORNEYS EYES ONLY,"

21 or "HIGHLY CONFID/ATTYS EYES ONLY" does not include in-house counsel for a party or

22 any party's outside counsel.

23         (d)     Accountants, economists, analysts or other independent experts retained

24 by either party to this proceeding as advisors, consultants or expert witnesses ("collectively

25 "Independent Experts") who are preparing an expert report, preparing for or assisting in

26 preparation for a deposition or other discovery, testimony, motion, hearing, trial or appeal or

27 other proceeding in this matter or the case before the FMC; provided, however that any such

28

5.

JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1 || expert must have been retained by the party for purposes of assisting with this litigation or the

2 || case before the FMC in consultation with the attorneys identified in paragraph 13(b) above, and

3 || each expert must confirm that he (i) does not advise the party he is assisting on submitting bids

4 || to carrier customers or in negotiating lease terms at other ports, and (ii) is not presently doing

5 || any other unrelated work for the party he is assisting, in the Port of Oakland. No such

6 || designated document or any duplication, summary, or excerpt of a document that has been

7 || designated as "ATTORNEYS EYES ONLY" under this Order shall be given to an Independent

8 || Expert except upon execution of an agreement to be bound by this Protective Order and not to

9 || disclose the document(s) further in the form appended as Exhibit A. Counsel obtaining all such

10 || signed agreements shall be obligated to hold and maintain them. This Paragraph shall not

11 || constitute an obligation to disclose expert information beyond the obligations imposed by the

12 || rules applicable to this proceeding.

13 ||        (e)      Any person who authored and/or was an identified original recipient of

14 || the particular "ATTORNEYS EYES ONLY" material sought to be disclosed to that person.

15 ||        (f)      Any deponent (during the course of a deposition or other testimony in the

16 || litigation but not to prepare the witness's testimony) when the examining attorney has a good

17 || faith basis to believe the deponent is aware of the particular material sought to be disclosed.

18 ||        (g)      The Court Reporter employed to record depositions.

19 ||        (h)      During the course of depositions or other testimony in the litigation, and

20 || upon mutual agreement of the parties, a party representative may remain present during the

21 || testimony of "ATTORNEYS EYES ONLY" material, but may not be shown such material, may

22 || not take notes concerning such material, and may not thereafter discuss such material.

23 ||        14.      Any information contained in, or derived from, any document or transcript

24 || marked or designated "HIGHLY CONFIDENTIAL" may not be disclosed to any person, except

25 || that information and documents marked "HIGHLY CONFIDENTIAL" may be disclosed to the

26 || following persons:

27

28

JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1    (a)   The Judge assigned to this proceeding, or if appropriate, this Court or any
2  appropriate appellate court;

3    (b)   Counsel of record for either party to this proceeding including associates,
4  clerks, paralegals, secretaries or other employees of such counsel assisting in this proceeding;

5    (c)   Outside counsel of record in the related case before the Federal Maritime
6  Commission, Saul Ewing LLP for Plaintiff and Cozen O'Connor for Defendants and including
7  partners, associates, clerks, paralegals, secretaries or other employees of the firms assisting such
8  counsel in this proceeding.

9    (d)   Independent Experts who are preparing an expert report, preparing for or
10  assisting in preparation for a deposition or other discovery, testimony, motion, hearing, trial or
11  appeal or other proceeding in this matter; however no such designated document or any
12  duplication, summary, or excerpt of a document that has been designated as "HIGHLY
13  CONFIDENTIAL" under this Order shall be given to an Independent Expert except upon
14  execution of the agreement referred to in paragraph 13(d);

15    (e)   Either party's in-house counsel, and

16    (f)   The following persons designated by counsel: in the case of SSAT, Ed
17  DeNike, Jon Hemingway, Jon Rosselle, Charles Sadoski, Bill Hirai, Mark Knudsen, Sandi Lira,
18  and Kevin Mehlberg , and in the case of the Port, Jean Banker, James Kwon, Cornel Hammons,
19  Chris Peterson, Mark Erickson, Omar Benjamin, Lawrence Dunnigan, and Sara Lee.

20    15.   Counsel obtaining all such signed agreements pursuant to paragraphs 13(d) and
21  14(c) shall be obligated to hold and maintain them. Paragraphs 13(c) and 14(c) shall not
22  constitute an obligation to disclose expert information beyond the obligations imposed by the
23  rules applicable to this proceeding.

24    16.   The Parties may add to the persons designated in paragraphs 13(b) and 14 by
25  mutual agreement, or, failing agreement, by filing a motion with the Court to allow such
26  addition. Each Party must have good cause to object to the addition of additional persons who
27  may have access to "HIGHLY CONFIDENTIAL" information. Notwithstanding the

28

7.
JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1   foregoing, each party will endeavor to keep the persons entitled to review "HIGHLY

2   CONFIDENTIAL" information to a minimum.

3         17.      ALL PERSONS TO WHOM "ATTORNEYS EYES ONLY" or "HIGHLY

4   CONFIDENTIAL" information and / or documents are disclosed will not use same for any

5   business, commercial or competitive purposes or for any purpose whatsoever other than the

6   preparation for and conducting of any deposition or other discovery, testimony, motion, hearing,

7   trial or appeal or other proceeding in this action or in the FMC action in accordance with the

8   provisions of this Order. No person receiving or reviewing such confidential documents,

9   information or transcript shall disclose it or its contents to any person other than those described

10  in paragraphs 13 and 14 and for the purposes specified, and in no event shall such person make

11  any other use of such document or transcript to defeat this Confidentiality Order.

12        18.      Storage, transmission or communication of "ATTORNEYS EYES ONLY" .

13  information and "HIGHLY CONFIDENTIAL" information must be such as to reasonably

14  ensure that the "ATTORNEYS EYES ONLY" information and "HIGHLY CONFIDENTIAL"

15  information will not be disclosed, accidentally or otherwise, to non authorized persons.

16        19.      Any person to whom disclosure is made pursuant to Paragraph 13 or 14 of this

17  Order, including the paralegal, secretarial or other personnel of a party's counsel regularly

18  employed thereby and assisting in the preparation for hearing or trial of this action, shall be

19  advised concerning the terms of this Order and shall be given a copy of this Order.

20        20.      If any party to this proceeding objects to the designation of documents,

21  transcripts or other information as "ATTORNEYS EYES ONLY" or "HIGHLY

22  CONFIDENTIAL" pursuant to this Order, it may apply to the Court by motion for a ruling that

23  the document, transcript or other materials shall not be so treated. Until the Court enters an

24  order, if any, changing the designation of the document or transcript, it shall be afforded the

25  confidential treatment provided for in this Order.

26        21.      Within sixty (60) days after the final termination of this litigation or the FMC

27  case, whichever is later, (including any appellate review), all documents, transcripts or other

28

8.

JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1  materials in the receiving party's possession that have been afforded "ATTORNEYS EYES

2  ONLY" or "HIGHLY CONFIDENTIAL" treatment pursuant to this Order, including any

3  duplicates, extracts, summaries or compilations taken therefrom, shall be destroyed; provided,

4  however that copies of confidential materials that have been produced in pleadings or exhibits

5  may be retained subject to the continued applicability of this Order, and provided further, that in

6  the case of electronically stored documents which contain "ATTORNEYS EYES ONLY" or

7  "HIGHLY CONFIDENTIAL" information that cannot be deleted due to a party's

8  documentation retention policy ("Policy"), such materials shall not be further accessed by the

9  receiving party without the prior written consent of the producing party and will be destroyed

10  by the receiving party when permitted by the Policy. The provisions of this Order that restrict

11  the handling, communication and use of "ATTORNEYS EYES ONLY" information and

12  "HIGHLY CONFIDENTIAL" information shall continue to be binding after the termination of

13  this proceeding and the FMC proceeding, including any related court litigation or judicial

14  appeals, unless the producing party/person authorizes in writing alternative handling,

15  communication or use of the information.

16      22.      This Order is without prejudice to a Confidentiality Agreement Pursuant to the

17  Federal Rules of Evidence and the California Evidence Code entered into on July 29, 2009 by

18  the parties to this litigation (the "FMC Confidentiality Agreement") in a related proceeding

19  which is pending before the Federal Maritime Commission. That FMC Confidentiality

20  Agreement is and shall remain in force throughout the duration of these proceedings, except that

21  the parties agree that the persons identified herein in paragraph 13(b) identifying ATTORNEYS

22  EYES ONLY recipients and paragraph 14 concerning HIGHLY CONFIDENTIAL recipients

23  shall be authorized recipients of the same information in the same categories as set forth in the

24  July 29, 2009 FMC Confidentiality Agreement and the Amended FMC Joint Protective Order

25  served on December 20, 2010, unless either party seeks a further modification of that FMC

26  Confidentiality Agreement or the Amended FMC Joint Protective Order .

27      23.      Either party may undertake to obtain further agreements, orders or procedures as

28

9.

JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1   are necessary to preserve the confidentiality asserted for trial or any public hearing or
2   proceeding in this matter.

3       24.     Nothing contained herein shall affect or restrict the rights of any party with
4   respect to its own documents or to information obtained or developed independently of
5   documents and transcripts afforded confidential treatment pursuant to this Order.

6       25.     If "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" information
7   in the possession of any party is subpoenaed by any court, administrative or legislative body, or
8   any other person purporting to have authority to subpoena such information, the party to whom
9   the subpoena is directed will not produce such information without first giving written notice
10  (including the delivery of a copy thereof) to the producing party/person or the attorneys for the
11  producing party/person, within 24 hours after receipt of the subpoena. If a subpoena purports to
12  require production of such "ATTORNEYS EYES ONLY" information or "HIGHLY
13  CONFIDENTIAL" information on less than four (4) business days' notice, the party to whom
14  the subpoena is directed shall also give immediate notice by telephone of the receipt of such
15  subpoena. To the extent permitted by applicable law, the Port will endeavor in good faith to
16  prevent or limit the disclosure, to third parties, of "ATTORNEYS EYES ONLY" and
17  "HIGHLY CONFIDENTIAL" information submitted by SSAT, being compelled, by seeking a
18  protective order or other appropriate remedy. In the event that the Port is unable to prevent
19  disclosure from being compelled, the Port shall furnish only that portion of the "ATTORNEYS
20  EYES ONLY" OR "HIGHLY CONFIDENTIAL" information that is required to be disclosed
21  and shall exercise best efforts to obtain reasonable assurances that confidential treatment will be
22  accorded to the information disclosed.

23      26.     (a)     All documents marked "ATTORNEYS EYES ONLY" or "HIGHLY
24  CONFIDENTIAL" by SSAT are considered by SSAT to contain trade secrets of SSAT and/or
25  of its related entities and are being provided to the Port upon the condition that it accept that
26  characterization, unless otherwise determined by a court with competent jurisdiction, and that
27  these documents shall not be subject to disclosure following a request under the California

28

                        10.

6/6/12 (27492) #465929.1

1  Public Records Act, California Government Code Sec. 6250 et seq. and/or Article 2.20.180 et

2  seq. of the City of Oakland Code of Ordinances and any successor acts or ordinances thereto

3  except as provided below.

4                  (b)      If the Port receives a Public Records Act request calling for disclosure of

5  documents designated "ATTORNEYS EYES ONLY" or "HIGHLY CONFIDENTIAL" by

6  SSAT, the Port will: (1) advise SSAT of the records request, and (2) advise the party making the

7  Public Records Act request ("Requesting Party") that the documents have been designated as

8  trade secrets by the party providing them to the Port and will not be released to the Requesting

9  Party because of that designation. The Port will also inform the Requesting Party that if it

10  disputes that designation, it has the option of challenging that designation in a court of law.

11                  (c)      If the Requesting Party files a court action to compel disclosure, the Port

12  will promptly notify SSAT of that filing. Thereafter, SSAT shall have ten (10) business days,

13  after the Port's delivery of written notification, to inform the Port, in writing, that it will defend

14  any litigation regarding whether the records at issue qualify as confidential or trade secrets. If

15  SSAT fails to provide such notification within the prescribed time, or fails to defend the

16  litigation (and provide adequate and ongoing assurances to the Port of such defense), the Port

17  may independently determine, in its sole discretion, whether any document (or portion thereof)

18  is subject to disclosure. If the Port determines that such records are not confidential or trade

19  secrets, the Port may disclose such records to the Requesting Party without liability to SSAT. In

20  addition, SSAT will indemnify, defend and hold harmless the Port from any claim based on the

21  Port's reliance on SSAT's designation of the documents as trade secrets.

22          27.      This Order is without prejudice to the right of any party to seek modification or

23  amendment of this Order by order of this Court.

24  ///

25  ///

26  ///

27

28                                                11.
                                    JOINT PROTECTIVE ORDER

6/6/12 (27492) #465929.1

1    28.    This Order shall be effective on the date served.

2

3

Dated:  June ___, 2012
4                                          FITZGERALD ABBOTT & BEARDSLEY LLP

5                                          By _____

6                                             Richard T. White
                                              Attorneys for Port of Oakland
7

8    Dated:  June _7_, 2012                RUSSELL, MIRKOVICH & MORROW

9
                                           By _____
10                                            Joseph N. Mirkovich
                                              Attorneys for Defendants and Counterclaimants
11                                            SSA Terminals, LLC and SSA Terminals
                                              (Oakland), LLC
12

13                                         IT IS SO ORDERED

14

15   Dated:  June _18_, 2012                _____
                                              Maria-Elena James
16                                            Chief United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28                                          12.
                                   JOINT PROTECTIVE ORDER

1

**PROOF OF SERVICE - F.R.C.P. §5**

2

I, the undersigned, declare: I am employed in the County of Alameda, State of

3

California. I am over the age of 18 and not a party to the within action. I am employed by

4

Fitzgerald Abbot & Beardsley LLP, located at 1221 Broadway, 21st Floor, Oakland, CA 94612.

5

On June 7, 2012, I served a true and correct copy of the following document(s):

6

**JOINT PROTECTIVE ORDER**

7

on the following interested parties, by causing service by the method indicated below:

8

9

10

11

12

13

Joseph N. Mirkovich, Esq.
Russell, Mirkovich & Morrow
One World Trade Center, Suite 1280
Long Beach, CA 90831-1280
Telephone: (562) 436-9911
Facsimile: (562) 436-1287
E-Mail: JMirkovich@rumlaw.com
*Attorneys for SSA Terminals, LLC and*
*SSA Terminals (Oakland), LLC*

14

15

16

| | |
|---|---|
| **X** | U.S. Mail - By placing a copy of said document(s) in a sealed envelope addressed as stated above, with postage thereon fully prepaid, and depositing said envelope today with the U.S. Postal Service, following this firm's business practices. |

17

18

| | |
|---|---|
| | Overnight Delivery - By placing a copy of said document(s) in a sealed pre-paid overnight envelope or package and depositing said envelope or package today in a box or other facility regularly maintained by the express service carrier, following this firm's business practices. |

19

20

| | |
|---|---|
| | Personal Service - By providing a service copy to Rapid Legal whose employee will personally deliver said documents(s) in an envelope or package clearly labeled to identify the attorney/party located at the office(s) of the addressee(s) stated above. |

21

22

| | |
|---|---|
| | Facsimile - By placing a true copy thereof into a facsimile machine to the fax number stated above, as agreed upon, in writing, by the parties. |

23

| | |
|---|---|
| | Email - By placing a true copy thereof into .pdf format and forwarding via email. |

24

I declare under the penalty of perjury under laws of the State of California that the

25

foregoing is true and correct. Executed on June 7, 2012 at Oakland, California.

26

27

Craig A. Schillig

28

13.
JOINT PROTECTIVE ORDER

6/7/12 (27492) #465929.1