UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF OAKLAND, a Municipal Corporation, Acting By and Through Its Board of Port Commissioners,<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>SSA TERMINALS, LLC, et al.,<br><br>Defendants-Counterclaimants. | Case No.: 11-01446-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO FILE UNDER SEAL** |

Plaintiff City of Oakland ("City") filed an Administrative Motion to File Under Seal ("Motion") on April 15, 2013. (Dkt. No. 147.) The City seeks a sealing order for Exhibits C and E to the Declaration of Richard T. White in Support of Plaintiff and Counterdefendant's Motions in Limine 1–5 because the documents have been designated "Highly Confidential" and "Attorney's Eyes Only" pursuant to the Protective Order in this action. The City states that Defendants designated the documents as confidential.

This Motion falls under Civ. L.R. 79-5(d), which addresses "Filing a Document Designated Confidential by Another Party." L.R. 79-5(d) states that a non-designating party wishing to file a document designated confidential must file and serve an administrative motion to seal and lodge the document or memorandum in accordance with the Local Rule. "Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the

public record." Civ. L.R. 79-5(d).

The City filed this Motion because Exhibits C and E were marked "Highly Confidential" and "Attorney's Eyes Only" under Protective Order by Defendants. Defendants, however, did not file a declaration establishing that the designated exhibits at issue in the Motion are sealable, nor did counsel lodge and serve a narrowly-tailored proposed sealing order or withdraw the designation of confidentiality. *See* Civ. L.R. 79-5(d). Moreover, Civ. L.R. 79-5(a) specifically provides that "[a] stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal."

Having failed to establish that either Exhibit C or E is sealable under Civ. L.R. 79-5(a), the Administrative Motion to File Under Seal is hereby **DENIED**.

The Clerk shall unlock Exhibits C and E of Dkt. No. 142, which is currently locked pursuant to this Court's Order (Dkt. No. 151).

This Order terminates Dkt. No. 147.

**IT IS SO ORDERED.**

Dated: April 23, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**